The evidence satisfies my mind that the judgment was confessed by the plaintiff for the sake, at least, of softening the prosecutor. It is not alone for the agreed damages for the civil injury. Nobody can believe that such a security would have been given had the indictment been at an end. The judgment is the original security given, and is therefore open for this Court to act on, as a bond would be at law. The plaintiff was under a duress in the eye of a court of equity. He was in prison, charged with an infamous offense, and hoped to conciliate both the injured party and the court. Securities thus obtained ought not to be obligatory. Free consent is wanting. I do not put it on the ground that the defendant or his agent practiced upon the plaintiff's fears, or used improper means to influence him. They acted as fairly as they could, and did nothing wrong, except in the single fact of taking a judgment from a man in the plaintiff's situation and (191) state of mind. He was not in a condition to be dealt with in reference to the act out of which grew the criminal charge. He could not and did not stand upon his rights. He felt himself in the other's power, and, with a spirit subdued, was willing to surrender them, without reference to the actual damage sustained by the defendant, and to *Page 158 
yield to any of his demands, upon the hope, clearly entertained by him, that he would fare the better upon the prosecution. I think both upon the principle of the public policy, which forbids the compounding of prosecutions, and of duress as understood in a court of equity, the plaintiff must be relieved.
But as I by no means consider the defendant obnoxious to the censure of actual oppression or imposition, and as his loss, by the theft and the burning connected with it, are established beyond doubt, and as the participation of the plaintiff in the former act is clear, and that in the latter probably to be inferred, I think the judgment is not forthwith to be perpetually enjoined. While the defendant cannot have full advantage of it, the Court must take care that he suffers no loss by it. During its existence, the defendant could bring no suit at law for the trespass. But the plaintiff is not to escape answering altogether for the trespass, and at the same time avoid the judgment in this Court. The defendant may, therefore, have liberty to institute now an action at law to establish the trespass alleged by him, and the damages sustained, in which the plaintiff shall not plead the statute of limitations; and the judgment must stand as a security for the damages that may be assessed by the jury; and after the verdict, the parties have leave to move for further directions.
PER CURIAM. Decree accordingly.
Cited: Meadows v. Smith, 42 N.C. 10.
(192)